[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant, Corey Lakin, has moved to vacate or discharge an existing prejudgment remedy in the nature of an attachment of her real estate located on South Salem Road in Ridgefield in the amount of $30,000. The plaintiff, Rosenblum Filan, LLC., a law firm in Stamford, obtained this attachment on July 6, 1999, for allegedly unpaid legal fees, after a hearing before Judge D'Andrea at which the court found "probable cause;" General Statutes § 52-278d (a); that the plaintiff would obtain a judgment in its favor. The defendant did not appear at this hearing to contest the granting of the application.
Over a year after that hearing, the defendant, on November 1, 2000, moved (#113) to modify or dissolve the attachment as authorized by General Statutes § 52-578k.[1] The basis for the motion to vacate the attachment is a counterclaim filed by the defendant on July 13, 2000, in which she sets forth various claims against the plaintiff, including breach of contract, fraud, professional negligence, and causing her emotional distress, in an amount greater than the $30,000 attachment.
More specifically, the defendant claims that the plaintiff should not be attempting to collect legal fees from her because its representative, Attorney Alan Rubinstein, assured her that all legal fees would be paid by her former husband, David Lakin. The defendant also claims that plaintiff took much too long to obtain court orders pertaining to, among other things, temporary alimony, support and attorney's fees, and, additionally, that the plaintiff was lax in pursuing discovery and in keeping the defendant advised of all court proceedings.
The defendant signed a retainer agreement dated February 23, 1998, which, among other things, provides for arbitration by either the Connecticut Bar Association or the American Arbitration Association of any dispute regarding legal fees. The arbitrator will hear all sides of this dispute and resolve it one way or the other. In the meantime, however, the defendant has not sustained her burden of proving that the existing real estate attachment granted by Judge D'Andrea in 1999 should be dissolved.
There are three reasons for this ruling. The first is that the retainer agreement very explicitly provides that legal fees are ultimately the personal responsibility of the client, the defendant in this case. Although there is no question that the plaintiff's attorney agreed to try to have the defendants legal fees paid by Mr. Lakin, the defendant agreed in writing that such fees were her personal responsibility in the final CT Page 13468-dw analysis.
Second, the plaintiff sent the defendant a great number of monthly statements or invoices indicating a continuing balance due of legal fees owed by the defendant. The evidence at the hearing indicated that the defendant never objected to the amount of these bills.
Third, the defendant agreed during her cross-examination by plaintiffs counsel that her real complaint against Attorney Rubinstein and the plaintiff law firm was not directed against the content of the various court orders obtained on her behalf on December 9, 1998, but rather that the orders were not implemented as effectively as she anticipated.
Thus, the defendant's motion to vacate the prejudgment remedy obtained by the plaintiff is denied.
Dated at Stamford, Connecticut, this 18th day of September, 2001.
William B. Lewis, Judge T.R.